IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE
DISTRICT OF FLORIDA, ORLANDO DIVISION

FILED VIA MAIL
MAR 25 2025
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re
MARK CHRISTOPHER KALEY,

Case No. 6:25-bk-01455

Debtor.

## MOTION OF THE DEBTOR TO ENFORCE THE AUTOMATIC STAY

The Debtor, MARK CHRISTOPHER KALEY, hereby moves, pursuant to 11 U.S.C. §§ 362(a)(6) and 362(k)(1), for an Order enforcing the automatic stay as against INDEPENDENCE COMMUNITY ASSOCIATION, INC. (the "Creditor"), and to the extent the court determines that the Creditor has committed acts that constitute a willful violation of the automatic stay, awarding the Debtor attorneys fees and expenses and an award of punitive damages as the court deems reasonable under the circumstances. As grounds therefor, the Debtor states as follows:

**IDENTIFICATION OF PARTIES AND BASIS OF JURISDICTION**

1. The Debtor, MARK CHRISTOPHER KALEY, filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code on March 17, 2025.

2. The creditor, INDEPENDENCE COMMUNITY ASSOCIATION, INC. is a creditor of the Debtor, doing business in the County of Orange, in the State of Florida.

3. The court's jurisdiction is authorized under the provisions of 28 U.S.C. §§ 1334(b) and 157(b)(1), as matters concerning the administration of the bankruptcy estate are specifically designated as "core proceedings", pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

4. Prior to the Debtor's Chapter 13 bankruptcy filing, the Debtor owed the Creditor a purported sum in excess of $60,000 and as of the date of the commencement of this Chapter 13 case.

5. The Creditor held a judgment in a foreclosure action pending in the Ninth Judicial Circuit in and for Orange County, bearing index number 2023-CA-000243-O.

6. The Creditor was listed on the Debtor's Schedules of Secured Debts.

7. As a consequence of the Debtor's scheduling of the Creditor's claim, the Creditor was properly listed on the Debtor's Mailing Matrix.

8. There is no dispute that the Creditor was aware of the Debtor's Chapter 13 bankruptcy proceeding by virtue of its Court filing in the Foreclosure Action, on March 18, 2025, and continued with its collection efforts against the Debtor by requesting the court ignore the automatic stay imposed with the filing of this action.

9. The Debtor is not subject to any filing bar, or any bar that would vitiate affording him the protections of the automatic stay.

## BASIS FOR RELIEF REQUESTED

10. The provisions of 11 U.S.C. § 362(a)(6), state, in pertinent part, as follows:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
> . . .
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . . .

11. The Creditor's continued litigation in the state foreclosure action requesting a sale date be scheduled were overtly coercive in nature using allusions of the fact and a misrepresentation of a bankruptcy proceeding for which the Debtor herein was not a party to. Requesting the state court immediately reset the foreclosure sale on its judgment, constitute an act to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case" within the meaning of 11 U.S.C. § 362(a)(6).

12. With respect to the "willfulness" requirement under 11 U.S.C. § 362(k)(1), a violation of the automatic stay will be deemed to be "willful", if the creditor knew of the bankruptcy case and acted intentionally in such a way that the stay was violated.

13. The actions taken by the Creditor in continuing its collections activity even after being notified demonstrate that the Creditor knew or had reason to know that the Debtor was in the midst of a Chapter 13 bankruptcy case at the time its collection activities and continued judgment enforcement were carried out.

14. The violation of the provisions of 11 U.S.C. § 362(a)(6) by the Creditor in this case was clearly done "willfully" if not intentionally by the Creditor as the Creditor, not only received notice of the bankruptcy filing by the Debtor from the court, but also explicitly referenced the bankruptcy filing in its Motion to Strike the Automatic Stay filed on March 18, 2025, one day after the instant bankruptcy proceeding was initiated.

15. As a result of the Creditor's violation of the automatic stay, the Debtor suffered substantial emotion distress in the belief that, notwithstanding their Chapter 13 bankruptcy filing, he might still be hounded by his creditors, and a sale of his only substantial asset his home even though he has made good faith efforts to settle the outstanding sum with Plaintiff's counsel which Plaintiff's counsel has not even responded to, and more likely failed to present to its client.

WHEREFORE, the Debtors request, pursuant to 11 U.S.C. §§ 362(a)(6) and 362(k)(1), that the Court issue an Order:

1. Finding that the collection actions and continued enforcement of a foreclosure judgment by Creditor willfully violated the provisions of 11 U.S.C. § 362(a)(6);

2. Awarding the Debtor his actual damages, including damages for the emotional distress caused by the collection actions and continued enforcement of a foreclosure judgment in willful violation of 11 U.S.C. § 362(a)(6);

3. Awarding the Debtor his attorneys' fees and costs in an amount to be determined by the court for the prosecution of this proceeding;

4. Awarding the Debtor punitive damages against Creditor in an amount the court deems appropriate under the circumstances; and

5. For such other and further relief as the court deems just and proper.

Dated: March 19, 2025

Winter Garden, Florida

/s/ Mark C Kaley

Mark C Kaley
Email: markckaley@gmail.com

Pro Se
14924 Gaulberry Run
Winter Garden, Florida 34787

Phone 407-394-5881

**Certificate of Service**

I HEREBY Certify that a true and correct copy of the foregoing was filed with the Court by first class mail delivered to 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 and ~~by email to flmb-intake-orlando@flmb.uscourts.gov,~~ and with the parties on the below service list by first class mail on the 20 of March, 2025.

Dated: March 20, 2025

Winter Garden, Florida

Mark C. Kaley
Email: markckaley@gmail.com

Pro Se

14924 Gaulberry Run
Winter Garden, Florida 34787

Phone 407-394-5881

**SERVICE LIST**

Jennifer A. Englert, Esquire
THE ORLANDO LAW GROUP, PL
12301 Lake Underhill Road, Suite 213
Orlando, Florida 32828


E-Mail: JEnglert@theorlandolawgroup.com

cneedham@theorlandolawgroup.com